# WILLIAM C. FOSTER v. CHARLES CLIFFORD.[1]

February 4, 1910.

Nos. 16,399—(80).

**Setting Aside Tax Title — Purchaser's Lien For Taxes.**

When, in an action to quiet title brought by the holder of the tax certificate, the tax title is found defective because of the insufficiency of the notice of expiration of period for redemption, it is the duty of the court, under section 969, R. L. 1905, to determine the amount and validity of the plaintiff's lien for taxes paid by him.

**Loss of Lien.**

Whether such lien is lost when the right to perfect title under the tax certificate is barred by chapter 271, Laws 1905, quære.

Action in the district court for Ramsey county against Charles Clifford and his wife, the city of St. Paul, and all other persons unknown claiming any right, title, interest, or lien in the real estate described in the complaint, to determine adverse claims to a certain vacant city lot. Defendant Clifford in his answer admitted that the lot was vacant and unoccupied and alleged that he was the owner thereof in fee simple. Defendant city in its answer alleged that it held certain liens against the lot by virtue of certain certificates of sale for local assessments. Defendant Clifford prayed that the action be dismissed, and if it should not be dismissed that he should

[1] Reported in 124 N. W. 632.

be adjudged to be the owner in fee simple. Defendant city demanded judgment establishing its liens. The replies to the answers were general denials. It was stipulated that all the allegations of fact set forth in the answer of defendant city "might be admitted as true for the purposes of this trial."

The case was tried before William Louis Kelley, J., who made findings and as conclusions of law ordered that plaintiff take nothing by his complaint and that defendants recover their costs and disbursements from plaintiff; that the judgment and sales for assessments for public improvement set out in the answer of defendant city be declared a specific lien of the city thereon for the amount stated. From an order granting plaintiff's motion for a new trial, defendant Clifford appealed. Affirmed.

*R. A. Walsh,* for appellant.

*William G. White,* for respondent.

O'BRIEN, J.

At a tax sale held May 11, 1903, the plaintiff purchased the property described in the complaint. Notice of expiration of time to redeem was served November 9, 1906. The plaintiff brought this action to quiet title, alleging the real estate to be vacant and unoccupied. The notice of expiration was insufficient under the decision of this court in Lawton v. Barker, 105 Minn. 102, 117 N. W. 249. No evidence was introduced to show title in the defendant, and the district court made findings that the plaintiff had no title, and directed judgment for costs in favor of the defendant Clifford. The court further found that the defendant the city of St. Paul had a valid lien upon the land for certain local assessments entirely disconnected with the tax proceedings under which the plaintiff claimed title. A new trial was granted upon the ground that the court erred in not determining the plaintiff's right to a lien upon the real estate for the amount of the taxes paid by him. The defendant Clifford appealed from this order upon the ground that the court had no authority to adjudicate the question with reference to the lien claimed by the defendant.

1. Section 969, R. L. 1905, provides that "when in any action or

proceeding in court any tax judgment or tax sale shall be adjudged void for. any cause occurring after the levy of the taxes embraced in such judgment or sale, except in cases where such taxes have been paid, or the land is exempt from taxation, the court shall * * * adjudge a lien against such land * * * for the amount of such taxes * * * and shall also adjudge that the land so subject to such lien be sold * * * as in the case of the sale of land on execution. * * * " Section 972, R. L. 1905, provides for the bringing of such an action as the present. The appellant claims that this action was not brought under section 972, but was brought under section 4424, R. L. 1905, authorizing the ordinary action to quiet title. Inasmuch as the pleadings admit that the land in controversy is vacant and unoccupied, the action is authorized by each section, and the plaintiff is entitled to any rights which he may have in this form of action, without attempting to determine under which section it is brought.

2. So far as the record discloses the taxes which the plaintiff claims to be a lien upon the real estate were regularly levied, and all of the proceedings up to the notice of redemption were likewise regular. The result is that the plaintiff's claim is squarely within the provisions of section 969, already quoted from, and when it appeared that the notice of expiration was insufficient it became the duty of the court to determine the amount and validity of the lien claimed by the plaintiff for the payments made by him under the tax proceedings.

This court has uniformly held that the statute regulating the proceedings which transfer the title of the landowner must be strictly construed; therefore the notice of expiration of the period of redemption must strictly conform to the statute, for as has been said by this court, that is the last act in the proceedings whereby the title is transferred. Kipp v. Johnson, 73 Minn. 34, 75 N. W. 736; Lawton v. Barker, supra; Shine v. Olson, supra, page 44, 124 N. W. 452. But, as this case now is, the only relief sought by the holder of the tax certificate is to enforce a lien upon the land for the taxes properly levied. The statute giving such lien must be liberally construed. London & N. W. Am. M. Co. v. Gibson, 77 Minn. 394, 80 N.

110 M.—6.

W. 205, 777.' The new trial was properly granted in order that the validity and amount of the lien claimed by the plaintiff should be adjudicated.

3. Under the provisions of chapter 271, Laws 1905, the time for giving notice of period of redemption has expired. The record before us does not show definitely when this action was commenced, nor has there been presented for our consideration the question whether or not the right to a lien was lost when the time to give notice and perfect title under the tax certificate had passed. We, therefore, express no opinion upon that question.

Order affirmed.