# A. M. KIMBALL v. MARINE NATIONAL BANK and Others.[1]

## December 2, 1910.

## Nos. 16,682—(24).

**Redemption from tax sale — service of notice void.**

Service of notice of the time of redemption upon the person who had been the cashier of a defunct national bank was no service on the corporation; it appearing that the bank had become insolvent, and had been closed by the comptroller, its effects sold by a receiver, and had never for eleven years performed any of its functions as a bank, the cashier having engaged in other business.

**Purchaser at forfeited tax sale — amount of recovery.**

After it has been adjudged in an action to determine adverse claims that the notice of expiration of time for redemption had not been served, the amount which the purchaser from the state at a forfeited sale is entitled to recover, under R. L. 1905, § 972, is the amount paid, with interest, and subsequent taxes paid by him, and not the amount of taxes, interest, penalties, and costs which are charged against the land at the time of the purchase.

**Same — taxes paid after trial.**

In such an action, the court did not err in holding that the purchaser was not entitled to recover for taxes paid by him after the trial of the case, but before the filing of the findings of the court.

Action in the district court for St. Louis county to determine adverse claims to certain real estate. The answer of William Harrison and Oscar Mitchell admitted the lands were vacant and unoccupied; alleged that plaintiff claimed some interest therein by reason of a tax certificate or assignment, but alleged that the interest was no more than a lien, and prayed that they be decreed owners in fee of part of the land described. The case was tried before Dibell, J., who made findings of fact and as conclusion of law found that plaintiff was owner of a certain part of the land; that the answering defendants were owners in fee of a certain other part of the land, sub-

[1] Reported in 128 N. W. 678.

ject to a lien for the sum of $53.27, paid by plaintiff at the forfeited tax sale in November, 1907, and a further lien for the amount paid for subsequent taxes in 1908 and 1909, and ordered that the lands be sold by the sheriff of St. Louis county, upon judgment entered in the same manner as in the case of land sold on execution to satisfy the same. From an order denying plaintiff's motion for a new trial, he appealed. Affirmed.

*E. L. Kimball* and *Thomas J. Davis,* for appellant.

*Alford & Hunt,* for respondents.

LEWIS, J.

The plaintiff purchased the premises in question at the regularly forfeited tax sale held in St. Louis county November 13, 1907, and brought this action against defendants, who were the owners of the fee, to determine adverse claims. Of the several questions involved, we deem it necessary to consider two only:

1. December 13, 1907, a notice of the expiration of redemption was issued directed to the "Marine Nat. Bank," in which name the land was assessed, and the certificate of service indorsed upon the notice is to the effect that it was served upon J. P. Johnson, cashier of the bank, on the twenty-seventh day of December, 1907. It was shown at the trial that the Marine National Bank of Duluth became defunct in 1896, when the comptroller of the currency assumed charge and a receiver was appointed. Mr. Johnson was cashier at the time the bank closed its doors in 1896, but never thereafter exercised any of the rights, duties, or privileges of a cashier, and upon the closing of the bank engaged in other business. A director's meeting was never held, and there was no banking house or other place of business. The affairs of the bank were wound up by the receiver. The capital was exhausted, and the stockholders paid an assessment; but the creditors were never paid in full. The records of the bank were burned by order of the comptroller, and the receiver filed his final account which was approved by a judge of the United States court on March 26, 1900. The bank was organized as a national bank in 1888, with a corporate existence for twenty years.

Under these circumstances we are clearly of opinion that at the

time of the service Mr. Johnson was not an officer of that corporation, and the service of the notice upon him was not a compliance with the statute. We need not now determine whether the Marine National Bank had ceased to exist as a corporation for all purposes at the time this notice was served. Under the national banking act, a cashier serves only at the pleasure of the board of directors. Westervelt v. Mohrenstecher, 76 Fed. 118, 22 C. C. A. 93, 34 L.R.A. 477; R. S. U. S. § 5136, par. 5 (U. S. Comp. St. 1901, p. 3455). When the affairs of the bank were wound up and it ceased to do business, the terms of all officers who held office at the will of the directors necessarily terminated. His duties ceased, and consequently the authority of the cashier to represent the bank as such official came to an end.

2. At the time plaintiff purchased the land at the forfeited sale, the total amount of the taxes and tax judgments, excluding penalties and interest, was $106.53, and including penalties and costs amounted to $188.18. The trial court, having found that no notice of expiration of redemption was served, granted plaintiff a lien upon the lands for the amount paid by him at the forfeited sale, together with interest at the rate of twelve per cent. and certain subsequent taxes paid, with interest, amounting to $53.27. Plaintiff claims that he was entitled to the full amount of the tax judgment, interest, penalties, and costs which had accrued at the time of his purchase. The amount which plaintiff is entitled to recover is governed by section 972, R. L. 1905, which, in part, reads: "If it shall appear that the plaintiff's title is invalid for any cause other than one which renders the taxes embraced in such certificate void, the court shall not dismiss such action, but shall ascertain the amount due the plaintiff for all taxes, interest, penalties, and costs embraced in such certificate, and of all subsequent taxes, penalties, interest, and costs paid by him or his assignors, with interest thereon at the rate of twelve per cent. per annum from the date of such certificate or payment, and shall adjudge the same to be a lien against such land in favor of such holder, and direct a sale thereof to satisfy such judgment and costs of sale." This section has reference to all tax certificates issued under sections 929, 935, and 937. Plaintiff acquired title under section 937, and purchased the property for less

than the aggregate amount of the taxes, penalties, interest, and costs charged against it at that time. The certificate of purchase, which was introduced in evidence, recites that it was issued under the provision of sections 936 and 937, and that the amount paid by the purchaser was $27.11. A purchaser from the state at a forfeited sale is entitled to recover what he pays, with interest, etc. So an assignee prior to the expiration of time for redemption, and a purchaser at a tax sale, is entitled to recover what he pays, with interest, etc. An assignee or purchaser at a tax sale necessarily pays the full amount of the taxes and accrued interest, and, the sale being adjudged void, is entitled to recover the full amount of the lien, with interest, penalties, costs, and subsequent taxes paid. Section 969 has special reference to that kind of a case. But "all taxes, interest, penalties and costs embraced in such certificate," as provided in section 972, does not necessarily mean all taxes, etc., charged against the land. It means the amount due the plaintiff; that is, the amount he paid. That amount might, or might not, be the exact amount charged against the land.

Subsequent to the trial of the case, but before the findings were filed, appellant paid the sum of $4.69, which was the second half of the amount of taxes due for 1909. We fail to discover any error on the part of the court in refusing to consider this as having been paid prior to the trial.

Affirmed.