## PATRICK CULLIGAN and Another v. COSMOPOLITAN COMPANY.[1]

June 26, 1914.

Nos. 18,697—(144).

**Tax sale — notice of expiration of redemption.**
1. Where a new county is formed out of territory of an existing county, notice of expiration of redemption from a tax sale of lands in such territory must be issued by the auditor of the original county, delivered for service to the sheriff of the new county, and published therein, if publication be necessary, provided the taxes for which the sale was had were levied before the petition for the formation of the new county was filed.

**Same — under law of 1902 — numerous separate sales.**
2. A notice of the expiration of the time to redeem from a tax sale, made under the tax law of 1902, is ineffectual which fails to recite that the tax sale certificate was presented to the auditor by the holder thereof, and which includes a great number of tracts sold separately, situated in many different townships, and whereon the sheriff's return shows fees for service of over $300 without any apportionment of the same among the different tracts, so that from the notice and return it is impossible to determine the amount required to redeem any one tract.

1 Reported in 148 N. W. 273.

Action to determine adverse claims — costs.

3. In an action to determine adverse claim, where defendant answers claiming title absolute, the court properly allowed costs to plaintiffs although, under authority of section 2168, G. S. 1913, a lien was decreed defendant as holder of a tax certificate.

Section 2168, G. S. 1913 — lien of tax certificate holder.

4. Under said section the court is authorized to adjudge a lien to the holder of the tax certificate, issued upon a sale subsequent to the taking effect of the tax laws of 1902, even though the sale and certificate be valid and there is time and opportunity to serve a notice of the expiration of the time of redemption.

Subsequent taxes included in lien.

5. In such case the lien may include taxes paid subsequent to the giving of a defective notice of redemption, whether such taxes be paid before or after they became delinquent.

Action in the district court for Koochiching county to determine adverse claims to certain vacant and unoccupied premises. Defendant answered that it was the owner and entitled to the possession of a portion of the land described in the complaint. The case was tried before Stanton, J., who made findings and ordered judgment in favor of plaintiffs, subject to a lien of $242.54, and interest, of defendant for amounts paid by it for tax certificates and subsequent taxes, and directed a sale of the property to satisfy the lien. From an order denying its motion for a new trial, defendant appealed. Affirmed. From an order denying their motion for a new trial, plaintiffs appealed. Affirmed.

*Kane & Palmer* and *Franz Jevne,* for plaintiffs.
*E. L. Kimball,* for defendant.

HOLT, J.

The action is to determine adverse claims to lands in Koochiching county. The plaintiffs hold the government title. The defendant claims title through tax sales. The court held defendant's title invalid, for the reason that the notice eliminating the right of redemption was void, and quieted title in plaintiffs, but decreed the amount of taxes paid by defendant a lien on the land and ordered the premises sold to satisfy the same. Costs were awarded to plaintiffs. Both

parties appeal from separate orders denying the motion made by each for a new trial.

Two questions are presented on defendant's appeal: (1) Was the notice of the expiration of the time for redemption given defendant, the holder of the tax sale certificate, fatally defective? (2) Did the court err in awarding costs to plaintiffs? Plaintiffs' appeal challenges the propriety of decreeing a lien in this action in favor of defendant and especially in including therein the amount of taxes paid by it, as holder of the certificate, before such taxes became delinquent.

When the tax judgments were entered the lands in question constituted a part of Itasca county, but subsequently the county of Koochiching was formed embracing plaintiffs' lands. The defendant caused the notice of redemption to be issued by the auditor of Itasca county, placed it in the hands of the sheriff of each county for service, and published it in a newspaper in each county (the persons in whose names the lands were assessed not being found and no one being in possession). This case might be determined without passing on the method adopted in serving the notice, but, since similar situations may arise in the future, we deem it best to indicate the proper manner. Koochiching county came into existence in December, 1906, by proclamation of the Governor, thereto authorized by the result of a previous election. The petition for the formation of such county was filed the preceding January. The taxes here involved were for 1905 and prior years. Section 648, G. S. 1913, provides that no transfer of territory in the formation of a new county shall affect the collection of taxes levied at the date of filing the petition therefor, but all such taxes shall be collected by the officers of the original county. Hence it is clear that the notice was properly issued by the auditor of Itasca county, and we think under section 2148, G. S. 1913, it should be delivered for service to the sheriff of Koochiching county, "the sheriff of the proper county," and need only be published therein, in case the persons, in whose names the property stood assessed, could not be found. If redemption is made the money must be paid to the treasurer of Itasca county, except subsequent taxes levied in Koochiching county. The only difficulty to be met with is the ascertainment by the auditor of Itasca county of the name in

whom the land is assessed in Koochiching county and the amount of subsequent delinquent taxes, penalties and cost accruing in the latter county. But a proper certificate from the auditor of Koochiching county to the auditor of Itasca county will enable the latter to issue the notice; and so will certificates from the officers of the proper county when redemption is made.

The defects rendering the notice abortive according to plaintiffs' contention are these: It does not recite that the certificates of sale were presented to the auditor issuing the notice by the holders thereof, and it is an omnibus notice relating to 82 descriptions sold separately under tax judgments entered in different years. The law applicable here, section 2148, G. S. 1913 (chapter 2, § 47, p. 27, Laws 1902), provides that the notice shall among its recitals contain the statement "and that the said tax certificate has been presented to me by the holder thereof." In De Laurier v. Stilson, 121 Minn. 339, 141 N. W. 293, it was held that an omission of this recital vitiated the notice. The only difference in the notice there involved, and the one in the instant case, is that there it did not even state that the certificate had been presented to the auditor, while here it does recite a presentment thereof, but not by whom. We take it that the essential thing is that the holder of the certificate, and no unauthorized person, did cause the auditor to act. If it is to be surmised that only the holder would present a certificate, it might as well be surmised or inferred that the auditor would not issue the notice unless a certificate was presented. We think the De Laurier case decisive of the insufficiency of this notice. But the same result ought to follow from the fact that it is what the plaintiffs term a blanket or wholesale notice, or what defendant calls a tabular notice. Undeniably one of the main objects of the notice is to inform the owner of the exact amount he must pay in order to redeem. The owner must not only pay the amount for which the property was sold, subsequent taxes, penalties and interest, but also the cost of the service of the notice. The notice in question is so tabulated and worded that no difficulty is experienced with reference to any legal requirements other than the omission of the recital of the presentation of the certificates by the holder or holders thereof, and the items of costs or

expense of service. The present notice illustrates pointedly the objection to it. It is thereby sought to eliminate the right of redemption to 82 separate parcels of land, sold separately. These tracts are scattered from townships 63 to 69 and from ranges 22 to 26, so that there may be more than a hundred miles further travel in serving on the occupant of one tract than there is in serving on the occupant of another. The sheriff of Koochiching county, who must of necessity visit each tract, returned a total fee of $300, without stating how much thereof should be charged against any one tract. The sheriff of Itasca county returns a total fee of $28 for diligent and unavailing search for the 12 persons in whose several names these tracts stood assessed. Only one forty appears to be assessed in the name of one person, while several forties appear to be assessed in the name of another. Counsel relies on Snyder v. Ingalls, 70 Minn. 16, 72 N. W. 807, but it will be noted that there were involved three contiguous descriptions, assessed in the names of the same persons and sold to one person. No such problem of apportionment of costs as is here presented was there even mooted. We do not now decide that invariably a separate notice to eliminate the right of redemption must be given for each tract sold separately at a tax judgment sale, but we do hold that such a wholesale notice as the one in question, dealing with so many scattered tracts over a vast territory, assessed in the names of different persons, where the sheriff's fee for service is stated in a gross amount and is not susceptible of apportionment by the auditor, is not a valid notice. The notice must be such that, when the sheriff has made and filed his return thereon, the amount required to redeem any tract therein described may be ascertained readily from the notice and return. The court in Ambler v. Patterson, 80 Neb. 570, 114 N. W. 781, reached the conclusion, under a somewhat similar statute, that a notice including several tracts sold separately was invalid. To the same effect are White v. Smith, 68 Iowa, 313, 25 N. W. 115, 27 N. W. 250; Adams v. Burdick, 68 Iowa, 666, 27 N. W. 911. The later case of Jenswold v. Doran, 77 Iowa, 693, 42 N. W. 465, does not change the rule in respect to a situation like the one existing in the instant case. We are cited to Jackson v. Mason, 143 Mich. 355, 106 N. W. 1112, where the court held that a notice to

redeem may include several tracts sold separately, but it does not appear from the decision that there was any difficulty in ascertaining from the notice and sheriff's return the exact amount required to redeem any one tract. In Drake v. Ogden, 128 Ill. 603, 21 N. E. 511, also relied on by defendant, the court found support for its view, that a notice to redeem may include more than one tract, in this provision of their statute relating to the service of the notice: "The fee for such publication shall not exceed one dollar for each tract or lot contained in such notice." It is also to be observed that, in the four essential statements which the Illinois statute requires the notice to contain, there is nothing with regard to stating the amount which must be paid upon redemption. The argument of economy in favor of letting one notice cover a multitude of tracts falls when it is made to appear that one of the main objects of a notice, namely, to advise the owner of the precise amount he must pay to redeem, is not attained by the one under consideration.

The court did not err in the matter of costs. Plaintiffs claimed ownership in fee and alleged that defendant asserted some unfounded title, claim, or lien to the land. Defendant answered, denying that plaintiffs had any interest in the property, claiming for itself no lien but absolute title, and praying judgment accordingly. Plaintiffs prevailed on the issue of ownership, the only issue made by the pleadings. This should carry costs in their favor. In Foster v. Clifford, 110 Minn. 79, 124 N. W. 632, it was held that the owner of a tax certificate may bring an action to determine adverse claims either under section 2168, G. S. 1913, or under the old statute as found in section 8060, G. S. 1913. Likewise may the owner of the fee proceed under the old law or under section 2170. Plaintiffs evidently did not bring the action under the last-mentioned section, but under the law as it existed prior thereto, and defendant under its pleadings, in the absence of said section 2168, could have obtained no relief whatever. Had the defendant asserted its lien merely, another question would have been presented as to who should have had costs.

The contention of plaintiffs on their appeal is, that where it appears that there has been a valid tax judgment, a proper sale there-

under, and a good certificate issued to the purchaser so that he, by giving the notice, may perfect title, and there is still time and opportunity to so do, there should be no adjudication of lien, for the remedy by serving a proper notice is ample and adequate for the protection of the certificate holder and there is no occasion to incur the expense of another judgment and sale. There is force in the argument. However, we think the intention of the legislature, as expressed in the sections above cited, 2168 and 2170, G. S. 1913, was that in all litigation in respect to land title, or ownership, when it develops upon the trial that one party founds his title upon tax proceedings, which title fails for some defect or irregularity, the court should proceed to adjudicate the precise amount he is entitled to enforce as a lien against the land. Section 2168 above cited gives the defendant the right to bring the action, and it has availed itself of this right by its answer which is in the nature of a cross action or counterclaim. This section provides that if for any cause, except one not here material, the tax title fails, the court shall nevertheless determine the amount due to the holder of the tax certificate. Foster v. Clifford, supra, seems in point. It was there held that it was the duty of the court to find the amount due as a lien where the title fails because of defective notice of the expiration of the right of redemption. As pointed out by the present Chief Justice in Downing v. Lucy, 121 Minn. 301, 141 N. W. 183, chapter 2, p. 1, Laws 1902, made some radical changes in the taxing laws of the state and, among these, two remedies are given the certificate holder to protect his rights, namely, (1) to perfect title by service of a notice to redeem; and (2), when the title for any reason fails, to enforce the tax lien. The reason why defendant's title failed was because of a defective notice, and the court was warranted in extending to it the last-named remedy. The whole scope of the act is so fully discussed in the case cited, and its application to the case at bar is so apparent, that nothing further need be said except this, the point urged by plaintiffs, that in the Downing case it was impossible to give a new notice of expiration because the statute of limitation had run against the certificate while here it may still be given, appears to us too refined and technical to serve as a basis for extending the two rem-

edies to the certificate holder in the one case and not to the one in the other. The decision in Byers v. Minnesota Commercial Loan Co. 118 Minn. 266, 136 N. W. 880, is not here in point because the taxes and tax sale there involved were prior to the enactment of the tax law of 1902.

The further contention is made that the court improperly included, in the amount due, taxes paid by defendant before they became delinquent. Section 2188, G. S. 1913 (chapter 2, § 83, p. 41, Laws 1902), provides that every tax judgment entered shall be a perpetual lien upon the land for the taxes embraced therein. Under section 2134, G. S. 1913, if the certificate issued upon a tax sale proves to be invalid, the lien of the state, given by section 2171 for the amount of the taxes, nevertheless vests in the purchaser and he may by appropriate action enforce it, together with subsequent taxes paid, against the land. If such be the standing of the holder of an invalid certificate, how much stronger is the claim of the owner of a valid certificate to be recognized as a lien holder having the right to pay subsequent taxes before they become delinquent. By section 2190 any person having a lien upon land by mortgage, or otherwise, may pay unpaid taxes thereon before or after the same become delinquent and have an additional lien therefor. In Kimball v. Marine Nat. Bank, 112 Minn. 450, 128 N. W. 678, taxes paid before delinquent were allowed as part of the lien. In Foster v. Clifford, supra, it was said that the statute giving a lien for taxes properly levied must be liberally construed. It would not be a liberal construction to hold that where the owner of a tax certificate, through some informality in the notice of redemption, has failed to acquire absolute title but, ignorant of the defect and believing himself owner of the fee, has paid subsequent taxes when due, the amounts so paid are lost to him.

We consider the case correctly determined in the court below.

Orders affirmed.