# A. M. KIPP v. JAMES LOVE and Others.[1]

February 26, 1915.

Nos. 19,011—(232).

**Indian land — location under power of attorney — title.**

1. Following Nicholson v. Congdon, 95 Minn. 188, and Rogers v. Clark Iron Co. 104 Minn. 198, it is *held* that the right and privilege given to certain persons under the Chippewa treaty of February 22, 1855,[2] to locate and enter 160 acres of land in the ceded territory was assignable, and that an irrevocable power of attorney, executed by the one entitled to this right for a valuable consideration, which released to the donee of the power all of the donor's beneficial interests to be derived from the exercise of such right, passed the legal title to the donee to land subsequently located, entered and patented thereunder, although, according to the prevailing practice of the United States land office, the entry was made and the patent issued in the name of the donor of the power.

**Finding sustained by evidence.**

2. The finding that the actual location and entry was made by the donee in the power of attorney, is sustained by the evidence, and the finding, that the prevailing practice of the United States land office required patents to issue in the name of the person given the right of entry by the treaty, although such right had been assigned, is considered not material, even if it should not be held that such practice prevailed to such an extent that courts are charged with judicial knowledge thereof.

**Amendment of answer — refusal to admit further testimony.**

3. The court committed no prejudicial error in permitting the answer to be amended after the evidence was submitted, for the evidence was admissible under the original answer. Nor did the court abuse its discretion in refusing to open the case and hear testimony upon the issues attempted to be raised by the reply to the amended answer, for no proper issue not already fully litigated and available to plaintiff was made by such reply.

**Taxation — notice of time to redeem — amount.**

4. A notice of the expiration of the time of redemption in a tax proceeding which is ambiguous and misleading as to the exact amount required to redeem is nugatory.

[1] Reported in 151 N. W. 201.                     [2] 10 St. 1165.

**Lien for taxes.**

5. The record fails to disclose that plaintiff as holder of tax liens was entitled to a larger amount than awarded; and she has no cause for complaint that it was adjudged against defendant's lands as a whole instead of placing specific amounts thereof against each tract.

**Costs.**

6. The court did not err in awarding costs to defendant.

Action in the district court for Cass county to determine adverse claims to certain unoccupied land. The history of the case is given in the opinion. The case was tried as to defendant Ida C. Mulliken before McClenahan, J., who made findings and ordered judgment in favor of defendant, subject to the lien of plaintiff for the several amounts for which the parcels of land were sold with interest from the date of such sales. From the judgment in favor of defendant Mulliken entered pursuant to the order for judgment, plaintiff appealed. Affirmed, without prejudice to apply to the trial court for a modification in respect to the amount of plaintiff's lien.

*F. D. McMillen,* for appellant.
*Edwin C. Garrigues,* for respondent.

HOLT, J.

Plaintiff, claiming to be the owner of certain lands in Cass county, Minnesota, brought this action to determine adverse claims. The summons was served upon respondent by publication, and within a year she applied to have the judgment as to the lands here in controversy vacated and for leave to answer. The application was granted. In her answer she denied plaintiff's ownership, admitted that the premises were unoccupied, and alleged that she was owner; and, for a second defense and counterclaim, the answer alleged that under the treaty of February 22, 1855, between the United States and certain Indian tribes, the lands were entered and patented to Frank Duprey and Joseph La Bore, who sold and conveyed the same to William Mulliken; that Mulliken died, intestate, the owner of said lands; and that the defendant Ida C. Mulliken, the respondent, was

his sole heir. The reply, in addition to a denial, asserted ownership in plaintiff through tax proceedings, and also ownership to an undivided one-half of the land patented to La Bore through a deed from one of his heirs.

There were delays in the trial of the case; and, some time after the evidence was in, the court notified the attorneys by letter of his conclusions that, as the pleadings then stood, plaintiff was entitled to have findings made in her favor. Respondent thereupon moved and was granted leave to file an amended answer wherein she alleged that the entrymen mentioned for a valuable consideration sold, assigned and transferred to William Mulliken their right of location and entry and as evidence of the transfer executed and delivered to Mulliken instruments in writing on April 25, 1873, whereby Mulliken was constituted their attorney with power irrevocable to enter and take possession of the lands then owned or thereafter acquired by them under or by virtue of the right of entry under said Indian treaty; and, in consideration of $250 paid to each by Mulliken, they released to him all claim to any proceeds of any sale, lease or contract relative to the lands; which instruments were recorded in the registry of deeds of Cass county March 20, 1874; that on March 10, 1874, Mulliken, acting under the power granted, duly entered at the United States land office the lands in controversy; that in the pursuance of the rulings of said land office the entries were made in the name of Frank Duprey and Joseph La Bore, the donors or grantors in the instruments mentioned, and the patents likewise, under the same ruling, issued in the names of such donors or grantors. The other allegations of the amended answer were the same as in the original. Plaintiff was permitted to reply. The reply alleged that Duprey and Joseph La Bore made the entries; that the court had decided in plaintiff's favor under date of February 26, 1912 (being the letter mentioned), that respondent by failing to assert title and neglecting to pay taxes had abandoned her right to the land; that Duprey's and Joseph La Bore's right of entry were personal and not assignable; and that plaintiff held valid tax titles to the property. The court refused plaintiff's application to open the case and receive testimony upon the new issues raised by this reply. Findings were made and

judgment ordered quieting title in respondent to the lands now claimed by her, and from the judgment so entered plaintiff appeals.

The decision of this appeal must rest upon the sufficiency of the so-called powers of attorney to vest the government title in William Mulliken. The patents are not in evidence, but we assume they issued pursuant to the entries. The locations, entries and final receiver's receipts from the United States land office clearly show that the lands were acquired under the provisions of the Indian treaty under consideration in Nicholson v. Congdon, 95 Minn. 188, 103 N. W. 1034, wherein it was held that the right of location and entry was assignable by the person entitled thereto. Under this treaty certain persons coming within its provisions were given the privilege to locate and enter 160 acres of land in the ceded territory at $1.25 per acre. This privilege or right is not distinguishable from that of the soldiers' additional homestead right, which has been held assignable. Webster v. Luther, 163 U. S. 331, 16 Sup. Ct. 963, 41 L. ed. 179, affirming the judgment of this court in the same case in 50 Minn. 77, 52 N. W. 271; Pardoe v. Merritt, 75 Minn. 12, 77 N. W. 552. The powers of attorney executed by Frank Duprey and Joseph La Bore to William Mulliken are in all esssentials so like the one considered in Rogers v. Clark Iron Co. 104 Minn. 198, 116 N. W. 739, that they must be given the same force and effect. The power in that case was held to pass to the donee the donor's whole title, legal and equitable, although the location and entry was made in the name of the donor and the patent issued to him. The subject is so exhaustively treated and the authorities sustaining the position so fully cited in the seventh, eighth, and ninth divisions of the opinion referred to, that nothing additional need be stated.

The court's finding that the actual location and entry was by Mulliken in the name of Duprey and La Bore in conformity to the prevailing practice of the United States land office, and that subsequently, according to such practice, patents issued in their names, is challenged. We think the entries on their face indicate that they were not made by Duprey and La Bore in person, and further, since they had transferred their right to enter the land and all right to the beneficial proceeds from the exercise of such right to Mulliken,

for a valuable consideration, by an irrevocable power of attorney, it is not to be assumed that they wrongfully attempted to exercise a right they no longer had. The practice of .the United States land office, in the respect mentioned in the finding, has been so often referred to in both state and Federal decisions that it may, perhaps, be said to be so well known that the courts take judicial notice thereof. Be that as it may, the finding is hardly material in view of the decision of Rogers v. Clark Iron Co. supra.

The proper public records disclosed the transfer to Mulliken (by the irrevocable power of attorney) of La Bore's right of entry. Plaintiff is chargeable with notice thereof, and cannot invoke the protection of a good-faith purchaser of the undivided one-half interest she claimed to have acquired from one of La Bore's heirs. Coursolle v. Weyerhauser, 69 Minn. 328, 72 N. W. 697.

Our conclusion upon the merits of the respondent's claim of title necessarily determines that no prejudice resulted to plaintiff because of the order permitting an amendment of the answer. In fact, no amendment was necessary. The title was in respondent, and derived from Duprey and La Bore. Nor did the court err when denying plaintiff's motion to hear further evidence upon the claimed new issues tendered by the amended answer and the reply thereto. Aside from this being a discretionary matter, we do not think the amendments raised any material issues not already made, and upon which all the proof obtainable had been presented. The validity of plaintiff's tax titles, and the assignability of the right of location and entry under the Indian treaty, were questions of law already available to plaintiff and could not be bettered by additional proof. That respondent had abandoned her title to these vacant and unoccupied lands could not well be urged by plaintiff, until she first proved some title or estate therein. It may be noted that the last reply is as silent concerning taxes paid by plaintiff, or her assignor, as was the original.

It only remains to consider what rights plaintiff acquired through tax proceedings. Every tax proceeding upon which plaintiff bases title except one, discloses defects so clearly fatal under our decisions that no time need be spent referring to them. The one exception is a notice of the expiration of the time of redemption issued and

dated November 20, 1908, the following part of which reveals the ground upon which the learned trial court held it invalid, viz.:

"You are hereby notified that at a tax judgment sale held this 11th day of May, 1913, the following described parcels of land, situated in the county of Cass and the state of Minnesota, to-wit:

| All in township 143, Range 25, Cass county, Minnesota. | Amount for which each parcel was bid in for the state of Minnesota. | Amount for which each parcel was sold to a purchaser, November 9th, 1908, which is also the amount required to redeem the same. |
|---|---|---|
| N. E. ¼ of N. W. ¼ Sec. 26 | 12.44 Dollars | 18.38 Dollars |
| N. W. ¼ of N. W. ¼ Sec. 26 | 12.44 Dollars | 18.38 Dollars |
| N. ½ of N. E. ¼ Sec. 27 | 24.59 Dollars | 36.78 Dollars |
| Lots 6—7 Sec. 33 | 26.40 Dollars | 39.04 Dollars |

were each and all sold for the respective sums above specified.

"That the amount required to redeem each of said parcels, exclusive of the costs to accrue upon this notice, is the sums above stated, and interest as provided by law to the day such redemption is made."

It will be noticed that above the last column of figures is a statement that the figures give the amount which the purchaser paid the state on November 9, 1908, and also the amount required to redeem the same. No mention is there made of interest and costs. Nor was it a correct amount at the date of the notice. Further down the notice specifies that the amount required to redeem each of said parcels, exclusive of the costs to accrue upon this notice, is the sums above stated and interest. What is meant by *sums?* Two sums are given above for each parcel. Payment of both could not be exacted. So that, as to the amount required to redeem, we have first one sum specified as of November 9, 1908; then, if we ignore the subsequent plural of sums and read it sum, we obtain the sum previously specified plus costs and interest; and finally, if we take the notice as it reads, the redemptioner must pay for each parcel the two sums therein annexed to each description. We think the notice is so misleading and ambiguous that the owner's title was not cut off by the notice.

It is true that the court should have determined the amount of plaintiff's lien acquired through the tax certificates and payment of subsequent taxes. Foster v. Clifford, 110 Minn. 79, 124 N. W. 632. But plaintiff has no just ground for complaint. We have not had our attention called to any sums paid by plaintiff or her assignor for which liens could be claimed other than the sums allowed by the court in the supplemental findings. There was neither pleading nor proof of subsequent taxes paid by the holders of the tax titles or certificates. It is immaterial that the order for judgment omitted to direct a sale to satisfy the lien. The judgment, from which is the appeal, does provide for a sale. Plaintiff should not complain because the whole amount for which a lien was decreed was granted upon the premises as an entirety instead of apportioning it upon the several tracts.

Costs were properly awarded defendant under Culligan v. Cosmopolitan Co. 126 Minn. 218, 148 N. W. 273.

The judgment is affirmed.


On Petition for Reargument.


On March 9, 1915, the following opinion was filed:


PER CURIAM.

Plaintiff claims that a lien should have been allowed for the amount paid upon two of the forties for governor's deeds issued on certificates based upon tax judgments held void. Neither by proper assignments of error nor by the printed brief was this matter presented for consideration in this court, and the inference from the record is, that the trial court's attention was not called thereto. But lest injustice be done plaintiff in that respect, the opinion herein is modified by adding thereto these words: Without prejudice to apply to the court below for a modification thereof in respect to the amount of plaintiff's lien.