## F. L. SPEAR v. F. R. NOONAN.[1]

December 10, 1915.

Nos. 19,513—(111).

**Tax sale — notice of expiration of redemption.**

> That part of R. L. 1905, § 956 (G. S. 1913, § 2148), which provides a form
> of notice of expiration of redemption from a tax sale, was superseded
> by Laws 1905, c. 270, so that a notice of expiration of redemption from
> any tax sale subsequent to 1902 must conform substantially to the
> form prescribed by Laws 1902, c. 2, §47.

Action in the district court for Hennepin county to quiet title to a
certain city lot. The answer alleged that the notice of expiration of re-
demption mentioned in the complaint and in the opinion was not sub-
stantially in the form required by the laws of the state and was void. The
case was tried before Dickinson, J., who made findings that the notice
mentioned was void, and ordered judgment that plaintiff was entitled to
three liens upon the land for taxes paid and directing the lot to be sold
by the sheriff to satisfy them. Plaintiff's motion for a new trial was
denied. From the judgment entered pursuant to the order for judg-
ment, plaintiff appealed. Affirmed.

*F. L. Spear,* pro se.

*A. H. Schall, Jr.,* for respondent.

SCHALLER, J.

Action to quiet title under G. S. 1913, § 2168. Defendant is the
owner in fee, unless his title is divested by certain tax proceedings under
which plaintiff claims. The defendant had judgment. Plaintiff ap-
peals.

The only question arising on this appeal is as to the validity of the
notice of expiration of redemption. The district court held it void.

The notice which adheres strictly to the form provided in R. L. 1905,
§ 956 (G. S. 1913, § 2148), reads as follows:

[1]Reported in 155 N. W. 107.

"Notice of Expiration of Redemption No. B. 1401.
"Office of the County Auditor, County of Hennepin,
State of Minnesota.
"To C. H. and S. G. Lamson:

"You are hereby notified that at a tax judgment sale held on the tenth day of May, 1911, the following described parcel of land situated in the County of Hennepin and State of Minnesota, to-wit: Except part taken for alley, all of lot twelve of block two of Harrison's Second Addition to Minneapolis, was sold for the sum of $19.98/100 (dollars); that the amount required to redeem said parcel exclusive of the costs to accrue upon this notice, is the sum of $106.43/100 (dollars), and interest as provided by law to the day such redemption is made; and that the tax certificate issued upon said sale has been presented to me by the holder thereof, and that the time for redemption of said parcel from said sale will expire sixty days after the service of this notice and proof thereof has been filed in my office.

"Witness my hand and official seal this 25th day of July, 1914.

"AL. P. ERICKSON,
"Auditor of Hennepin County, Minnesota.
(Official Seal).
"By M. MULLANE, Deputy."

It appears from the record herein that the tax sale upon which plaintiff's title is based was held May 10, 1911. . The land was sold for $19.98 with interest at 11 per cent per annum from May 10, 1911. It further appears that on May 12, 1913, the purchaser paid delinquent taxes amounting to $35.01 and on May 9, 1914, he paid delinquent taxes amounting to $38.39. These sums bear interest at the rate of twelve per cent per annum from the date of payment.

It is argued that the notice is void because it does not substantially comply with the form of notice prescribed in Laws 1902, p. 26, c. 2, § 47, which reads as follows:

"Notice of Expiration of Redemption.
"Office of the County Auditor.
"County of * * *, State of Minnesota.
"To * * *

"You are hereby notified that the following described piece or parcel of

land, situated in the county of * * * and State of Minnesota, and known and described as follows, to-wit * * * is now assessed in your name; that on the * * * day of May, A. D. * * *, at the sale of land pursuant to the Real Estate Tax Judgment, duly given and made in and by the district court in and for the said county of * * * on the * * * day of March, A. D. * * * in proceedings to enforce the payment of taxes delinquent upon real estate for the year * * * for the said county of * * * the above described piece or parcel of land was sold for the sum of * * * and the amount required to redeem said piece or parcel of land from said sale exclusive of the cost to accrue upon this notice, is the sum of * * * and interest, at the rate of * * * per cent per annum from said * * * day of * * * A. D. * * * to the day such redemption is made, and that the said tax certificate has been presented to me by the holder thereof, and the time for redemption of said piece or parcel of land from said sale will expire sixty (60) days after the service of this notice and proof thereof has been filed in my office.

"Witness my hand and official seal this * * * day of * * * A. D. * * * (Official Seal).

....................,

"County Auditor of * * * County, Minnesota."

Laws 1905, p. 406, c. 270,[1] reads:

"SECTION 1. The time for redemption from any tax sale, whether made to the state or to a private person, shall not expire until notice of expiration of redemption as provided in section 47, chapter 2, Laws of 1902, shall have been given."

R. L. 1905, § 5504,[2] provides that: "These laws * * * shall not be construed as abrogating any act passed at the session of 1905, all of which, so far as they differ from the Revised Laws, shall be construed as amendatory thereof or supplementary thereto." Laws 1905, p. 406, c. 270, must, therefore, be construed to be amendatory of and supplementary to R. L. 1905, § 956.

But Laws 1905, p. 406, c. 270, abrogates R. L. 1905, § 956, only so far as R. L. 1905, § 956, is inconsistent therewith.

A material difference between the form of notice in R. L. 1905, § 956,

[1][G. S. 1913, § 2149.]
[2][G. S. 1913, § 9398.]

and that in Laws 1902, p. 26, c. 2, § 47, is that one (Laws 1902, p. 26, c. 2, § 47) requires both the rate of interest and the date from which interest is to be computed to be stated. The other does not. In this respect it is inconsistent with the form prescribed in Laws 1902, p. 26, c. 2, § 47.

We hold that R. L. 1905, § 956 (G. S. 1913, § 2148), so far as it prescribes a form of notice, was superseded by Laws 1905, p. 406, c. 270, and that a notice of expiration of redemption from a tax sale subsequent to 1902 must conform substantially to the form prescribed in Laws 1902, p. 26, c. 2, § 47.

Judgment affirmed.