## LUCK LAND COMPANY v. EMMA DIXON.[1]

January 21, 1916.

Nos. 19,640—(262).

**Findings of court.**

    1. Where title to real estate is in controversy, a finding that one party is the owner thereof is a finding of the ultimate issuable fact, and a finding of the evidentiary facts which result in such conclusion is unnecessary.

**Notice of expiration of redemption.**

    2. Spear v. Noonan, 131 Minn. 332, 155 N. W. 107, followed, and the notice of expiration of the period for redemption from the tax sale *held* invalid for failure to conform to the requirements of section 47, chapter 2, Laws of 1902, as required by chapter 270, Laws of 1905.

Action in the district court for Mahnomen county to determine adverse claims to vacant and unoccupied real estate. The answer alleged that defendant was the owner in fee of the premises. The case was tried before Grindeland, J., who found that defendant was the owner in fee of the premises upon payment by plaintiff to her of the several sums enumerated. Plaintiff's motion for amended findings was denied. From the judgment entered pursuant to the order for judgment, plaintiff appealed. Affirmed.

*Louis D. Davis* and *Marshall A. Spooner,* for appellant.

*Clayton C. Cooper,* for respondent.

TAYLOR, C.

Plaintiff brought this action to determine adverse claims to 80 acres of land situate in Mahnomen county. Defendant interposed an answer denying plaintiff's title and alleging that defendant was the owner in fee of the land. At the trial, the parties stipulated that defendant was owner of the land, unless her title had been divested by the tax sale under which plaintiff claimed title. The trial court found as a fact that defendant's allegation of ownership was true and that plaintiff's allega-

[1] Reported in 155 N. W. 1038.

tion of ownership had not been established, and directed that, upon the payment by defendant of the amounts expended by plaintiff for its tax title and for serving the notice of expiration of the period for redemption, together with interest at the rate of 12 per cent per annum upon such amounts, judgment be rendered decreeing defendant to be the owner of the land. Defendant paid the several amounts into court and judgment was entered as directed. Plaintiff appealed therefrom.

Plaintiff contends that the findings of fact are not sufficient to sustain the judgment. This contention is predicated upon the fact that the court made no finding pointing out defects in plaintiff's tax title, but merely found in effect that defendant was the owner of the land and that plaintiff's claim of title thereto had not been established. The court is not required to make findings as to evidentiary facts, but only as to ultimate facts; and where the title to real estate is in controversy, the finding that one party is the owner thereof has always been regarded in this state as a sufficient finding of the ultimate issuable fact. Conlan v. Grace, 36 Minn. 276, 30 N. W. 880, subdivisions 3 and 4; Fitchette v. Victoria Land Co. 93 Minn. 485, 101 N. W. 655. The finding that defendant is the owner of the property, taken with the other facts admitted in the pleadings and the stipulation, is sufficient to sustain the judgment.

Plaintiff contends that its tax title is valid and that the objections urged against it are without merit. We find it necessary to consider only the objection that the notice of expiration of the period for redemption does not conform to the requirements of section 47 of chapter 2, p. 26, of the Laws of 1902, as required by chapter 270, p. 406, of the Laws of 1905. The effect of chapter 270, p. 406, of the Laws of 1905 was considered and determined in Spear v. Noonan, 131 Minn. 332, 155 N. W. 107. It was there held that this statute is amendatory of and supplementary to section 956, R. L. 1905 (G. S. 1913, § 2148), and that by virtue thereof the notice of expiration of the period for redemption must be substantially in the form prescribed by section 47 of chapter 2, p. 26, of the Laws of 1902. It was also there held that a notice which failed to state the rate of interest, or the date from which interest was to be computed, did not substantially comply with the act of 1902. The notice in controversy fails to state either the rate of interest or the

date from which it is to be computed, and following that decision must be held invalid.

Judgment affirmed.          ———————