## BERT GLAZE v. MARY STRYKER.[1]

December 22, 1916.

Nos. 19,981—(125).

**Redemption from tax sale — form of notice.**

1. A notice of the expiration of the time of redemption from a tax sale which does not in substance conform to the form prescribed by section 47, c. 2, Laws of 1902, is of no effect, following Spear v. Noonan, 131 Minn. 332.

**Same — statute of limitations.**

2. The statute of limitations in G. S. 1913, § 2133, does not com-

[1]Reported in 160 N. W. 490.

mence to run until 60 days after a valid notice of the expiration of the time of redemption has been served.

**Lien for taxes paid.**

3. Although plaintiff's tax title has failed he is entitled to have the lien given for the taxes paid by him or his assignors enforced in this action.

**State assignment certificate — designation of grantees.**

4. A state assignment certificate for land bid in by the state at a tax sale, wherein the assignees are named Goodrich and Oliphant, is sufficient to transfer to them the interest and tax lien of the state.

Action in the district court for Cottonwood county to determine adverse claims to real estate. The answer of Mary E. Stryker alleged that she was the owner in fee of part of the premises described. The case was tried before Nelson, J., who made findings and ordered judgment in favor of plaintiff. From an order denying her motion for a new trial, defendant appealed. Reversed with direction to amend the findings and grant a new trial solely to determine the amount of lien to which plaintiff was entitled.

*John E. Stryker* and *W. H. Williams,* for appellant.

*O. J. Finstad,* for respondent.

HOLT, J.

Action to determine adverse claim to real estate. Plaintiff's source of title is a tax proceeding. The defendant Mary E. Stryker holds the government title. Plaintiff's title was sustained and defendant appeals.

But few of the many legal questions raised by the appeal need be determined. Plaintiff's asserted title originates in a tax judgment entered March 22, 1906, against the land in controversy for the 1904 delinquent taxes, and a sale had thereunder May 14, 1906, when it was bid in for the state. On August 20, 1910, the county auditor executed a certificate, assigning the interest acquired by the state under the sale to Goodrich and Oliphant, who on August 25, 1910, caused a notice of redemption to be issued and served. Thereafter they conveyed to plaintiff, who in 1911 went into possession of the land.

No valid tax title can be acquired in this state, unless the fee owner's title has first been eliminated by the service of such a notice of redemption as the statute prescribes. The proof in this case shows that the notice

served was in form and substance the same as the ones held invalid in Spear v. Noonan, 131 Minn. 332, 155 N. W. 107, and in Luck Land Co. v. Dixon, 132 Minn. 144, 155 N. W. 1038. The interest was not specified in the notice as required by chapter 2, § 47, p. 27, Laws 1902, and no definite date was stated from which it was to be computed. Respondent's counsel virtually concedes that the two cases cited determine that the notice herein given was ineffective to bar defendant's right of redemption.

But he contends that, having taken and held possession for more than three years, the tax title is unassailable. The contention is based upon the effect to be given to G. S. 1913, § 2133, which, so far as here material, reads: "No sale shall be set aside or held invalid unless the action in which the validity of the sale is called in question be brought, or the defense alleging its invalidity be interposed, within three years after expiration of the time for redemption." The revision of 1905 (R. L. 1905, § 941), made a material change in this statute. In prior statutes the limitation was fixed to begin to run from the date of sale. There can be no such fact as an expiration of redemption until 60 days after a valid notice has been served upon the party in whose name the land stands assessed. We think the statute is so plain upon this question that there is no room for argument. It is not applicable to this case. The redemption has not expired, and the statute has not started to run. It is not necessary to determine whether plaintiff, not having pleaded the statute, can now invoke it. There is nothing to the claim that defendant had notice through her attorney of the sale and of the notice of redemption. Even if she had, it did not dispense with the statutory notice. Nor is there anything by way of laches to estop defendant from asserting her title. We must therefore hold that plaintiff's title has failed, and that defendant is the owner subject to existing tax liens.

This is an action wherein the court, when the tax title fails, must determine the amount which the party asserting such title is entitled to enforce as a lien against the land by virtue of the amount paid the state for the assignment and for subsequent taxes. G. S. 1913, §§ 2165, 2168. The taxes involved in the tax judgment and subsequent taxes constitute a perpetual lien against the land, § 2171, G. S. 1913; and it should be enforced in this action, Foster v. Clifford, 110 Minn. 79, 124 N. W. 632; Downing v. Lucy, 121 Minn. 301, 141 N. W. 183, Ann. Cas. 1914C, 755;

Culligan v. Cosmopolitan Co. 126 Minn. 218, 148 N. W. 273. The time within which a notice of redemption may be given has expired, but under Downing v. Lucy, supra, the lien for the taxes still remains. The right to enforce the same does not depend upon the existence of a valid tax judgment and sale. Section 2188, G. S. 1913, provides: "Every tax judgment entered under this chapter shall be a lien, and shall operate to continue the lien of the taxes embraced therein, upon the parcel of land covered or intended to be covered thereby, until such judgment and taxes are paid in full, anything in any other statute of this state to the contrary notwithstanding." In view of these provisions it does not seem necessary to determine whether the description in the published list was so ambiguous that the judgment based thereon cannot stand, it was at least intended to cover the land in question. The lien for the taxes endures until they are paid.

The county auditor's certificate assigned the interest of the state to Goodrich and Oliphant. The proof identified Goodrich as R. J. Goodrich, and Oliphant as D. L. Oliphant. Under the decision of Foster v. Johnson, 39 Minn. 378, 40 N. W. 255, appellant's point that the certificate transferred nothing from the state is not well taken. We think the tax lien has passed to plaintiff.

There need be no new trial upon the issue of title. Upon the undisputed facts defendant is the owner of the fee, subject to the tax lien held by plaintiff and it should be so found. The cause is remanded with direction to amend the findings accordingly and grant a new trial only for the purpose of determining the amount of lien which plaintiff is entitled to enforce and grant judgment accordingly.