Mary Pigott and others *vs.* Dennis O'Halloran and others.

November 8, 1887.

Taxes — State Assignment of Tax Certificate — Evidence of Date of Delivery.—Parol evidence is admissible to prove the actual date when certificates of the assignment of the rights of the state in land bid in for it at tax sale were in fact delivered to the purchaser, and the date when he paid the purchase price into the county treasury.

Same—Assignment after March 6, 1877—Redemption.—On the 15th day of February, 1877, L. went to the county auditor's office, and selected a number of tracts which had been bid in for the state at tax sale, and requested the auditor to make out assignment certificates therefor, and, as an evidence of his good faith in the matter, deposited with the county treasurer a check for a part of the amount necessary to be paid for these certificates. The county treasurer did not at that time turn this into the county treasury, but held it until the transaction should be closed. In March, and *subsequent to the sixth, the date when Laws 1877, c. 6,* went into effect, L. paid to the county treasurer the balance of the purchase price, and thereupon the certificates were then delivered to him by the county auditor. *Held,* that L.'s rights as purchaser from the state vested only from the date at which the certificates were delivered to him, and consequently that he purchased subject to the provision of section 37 of the act cited, and his rights under the certificates would not ripen into title until after notice of the time of the expiration of the right of redemption had been given, as required by the section referred to.

Appeal by plaintiffs from an order of the district court for Ramsey county, *Simons,* J., presiding, refusing a new trial.

*W. C. Goforth* and *H. C. Eller,* for appellants.

*John F. Fitzpatrick,* for respondents.

Mitchell, J.   Action to determine an adverse claim to real property.   The plaintiffs hold the patent title.   The defendants claim solely under state assignment certificates issued to their grantor, W. F. Linderman, bearing date February 15, 1877, assigning to him the interest of the state acquired at a sale thereof under the tax judgment of 1875, for the taxes of 1874, at which the lands were bid off for the state, October 16, 1875.

There is no substantial conflict in the evidence as to the facts. A careful examination of it satisfies us that it shows that on or about the 15th of February, 1877, one Oppenheim, as agent for Linderman, who desired to invest in tax certificates, went to the county auditor's office and selected for his principal a large number of tracts, including the land in dispute, which had been bid in for the state upon the tax judgment of 1875, and requested the auditor to make out assignment certificates therefor, and as evidence of his good faith in the matter, and as an assurance that he would take the certificates when made out, (which would require some time,) he deposited with the county treasurer a check for $2,000, which was in fact much less than the amount necessary to be paid for the certificates of the land thus selected. The treasurer did not turn the amount into the county treasury at that time, but held it, as he generally did in such cases, until the transaction should be closed, because until then there was really no account to which he could put it. About the middle of March, and *subsequent to the sixth* of that month, Oppenheim went and paid to the county treasurer the balance of the money, and received the certificates.

If the parol evidence admitted was competent, it stands conclusively proved that, while the certificates bear date February 15th, the money for the same was not all paid by Linderman, or paid into the county treasury, or the certificates delivered to the purchaser, until after *March 6, 1877*. If these facts were material, there can be no doubt that parol evidence was competent to prove them. The effect to be given to these certificates as evidence is fixed by Laws 1874, c. 1, § 129, by which they are placed in that respect upon the same footing as any other deeds of real estate. The date of a deed is merely presumptively the date of its delivery, but it is always competent to prove by parol that this was not the true date of its delivery, or that it was never delivered at all. It can hardly be necessary to cite authorities in support of this proposition. 1 Greenl. Ev. § 284; 3 Washb. Real Prop. 298.

The question then is, when in point of time did Linderman's rights as purchaser from the state attach? This can admit of only one answer, viz.: At the date that he paid the purchase-money in full into

the county treasury, and the certificates were delivered to him by the county auditor. The auditor, who was clothed only with the special authority vested in him by statute, was authorized to assign only to a person who had paid into the county treasury the amount for which the lands were bid in for the state, with interest and subsequent taxes. No authority is given to him to make contracts for future purchases, or to sell on credit for the whole or any part of the purchase price. Consequently Linderman's rights did not attach until on or about March 15th, when the certificates were delivered to him, upon payment in full of the purchase-money. All that occurred prior to that time was but preliminary to a proposed sale, and vested no legal rights whatever in him. It follows, as a logical consequence, that the state was the owner of these certificates on March 6th, the date when Laws 1877, *c.* 6, went into effect, and that Linderman's rights under this assignment, having been acquired after that date, could not ripen into title until notice of the expiration of the time of redemption had been given, as provided in section 37 of that chapter, (*State* v. *Smith,* 36 Minn. 456; 32 N. W. Rep. 174,) and the burden was on defendant to show that this notice had been given. *Nelson* v. *Central Land Co.,* 35 Minn. 408, (29 N. W. Rep. 121.) Therefore the finding of the court that the allegations of the answer were true, was not supported by the evidence.

The statute of limitations invoked by defendants (Laws 1875, *c.* 5, § 30) cannot, at least under this disposition of the case, have any possible application. The question is not the validity of the sale or the certificate, but whether the rights acquired under them have ripened into title.

Order reversed.