JOHN G. HINKEL and others *vs.* CHRISTOPHER KRUEGER.

December 12, 1891.

**Taxes—Redemption Notice.**—The notice to redeem from a tax sale re-quired by Gen. St. 1878, c. 11, § 121, may be made out and served, al-though because of its destruction the purchaser be unable to present the certificate of sale to the auditor.

Ejectment for lots in Duluth, brought in the district court for St. Louis county, and tried by *Stearns,* J., (a jury being waived,) who ordered judgment for defendant, which was entered, and the plaintiffs appealed. The only question litigated was the validity of defendant's tax title.

*Barr & Catlin,* for appellants.

*Cash & Williams,* for respondent.

GILFILLAN, C. J. At a tax sale September 19, 1881, defendant became the purchaser of the real estate in question, and received from the county auditor the proper certificates of sale. His dwelling and the certificates were destroyed by fire. After this, and after the period allowed for redemption, he applied to the auditor, presenting his affidavit of the destruction of the certificates and that they had not been assigned, and the auditor thereupon issued and caused to be served the proper notice to redeem. There was no redemption. It is claimed the action of the auditor was not authorized, because the certificates were not presented to him.

It is not required (Gen. St. 1878, c. 11, § 121) that the certificate shall be filed or left with the auditor; he determines nothing upon it. It is merely to be shown to him, and, when it has answered the pur-pose for which it is to be shown, the party takes it away again. Why the party applying for the notice is required to present or show to the auditor the certificate, except to enable him to get more conven-iently than he can from the records in his office the *data* from which to make the notice, is impossible to conceive. If the notice be what the law requires, it would seem not vital that the auditor got the *data* to enable him to draw it from any particular source. Some things

are essential, as that the notice shall be in substance such as the statute prescribes, and that it be served on the person and in the manner designated; and, because no one but the purchaser or the person holding his right can put a limit to the time for redemption, it is probably necessary that he should call upon the auditor to give the notice. But that the latter should be authorized to draw the notice only from the certificate, when he can get the information desired from other sources, would seem an unnecessary and almost absurd provision, especially when it is considered that the loss or destruction of the certificate, or inability of the proper party to produce it, would defeat one purpose of the statute, which is, in part at least, to enable him to terminate the right to redeem. It cannot be that the statute intends to require an impossibility as a condition of securing to the purchaser what he purchased. We think if the auditor is called on by the proper party to issue the notice, and the facts exist entitling the party to it, and it is issued and served as required by statute, it is enough, although any particular evidence of the party's right may have been lost.

Judgment affirmed.