# O. B. DE LAURIER v. EDGAR STILSON and Others.[1]

May 9, 1913.

Nos. 17,984—(84).

**Notice of expiration of redemption.**
> Under Laws 1902 (Extra Session) c. 2, § 47, a notice of expiration of redemption that fails to state that the tax certificate has been presented to the county auditor by the holder thereof is invalid.

Action in the district court for Todd county to determine adverse claims to certain real estate. After the death of defendant, Lucy J. Stilson, the executors of her last will and testament were substituted as defendants. The case was tried before Taylor, J., who made findings and as conclusion of law found that Lucy J. Stilson died seized in fee of the real estate in question, subject only to the lien of plaintiff for taxes thereon for four successive years, and that the property be sold to satisfy the amount due upon this lien. From an order denying plaintiff's motion for a new trial, he appealed. Affirmed.

*O. B. De Laurier* and *J. D. Jones,* for appellant.
*James Schoonmaker* and *William F. Hunt,* for respondent.

BUNN, J.

This action was to determine adverse claims to land in Todd county described in the complaint. Plaintiff alleged that he was the owner in fee and entitled to the possession of the lands, which were vacant and unoccupied, and that defendants claimed an estate and interest therein adverse to plaintiff, and asked judgment that plaintiff was such owner and that defendants' claims be adjudged void. Defendant Lucy J. Stilson answered, alleging ownership in herself, denying that plaintiff had any interest, and demanding judgment accordingly. On the trial plaintiff relied on a tax title. The court found that Lucy J. Stilson, who died after the trial, but before the decision, was at the time of her death the owner in fee of the land, that plaintiff's tax

[1] Reported in 141 N. W. 293.

title was invalid, but that plaintiff was entitled to a lien on the land for the sums of money paid by the purchaser at the tax sale, and paid for subsequent taxes, with interest as provided by law. From an order denying a new trial, plaintiff appealed to this court.

The first contention of plaintiff is that it did not appear that Lucy J. Stilson had any record title to the land. How this, if true, helps plaintiff, we are unable to see. In an action of this kind, plaintiff must prove a title in himself. He cannot prevail on proof that the adversary has no title, if he shows no better title in himself. On the trial, plaintiff introduced in evidence his tax certificate, proof of payment of subsequent taxes, proof that the land was assessed in the name of Lucy J. Stilson, and notice of expiration of the time for redemption directed to her and served by publication. The tax judgment was also introduced. The invalidity of plaintiff's title, if it was invalid, thus appeared from his own case, and it would not validate that title, or warrant a judgment in plaintiff's favor, if it afterwards developed that the title claimed by defendants was bad. However, it sufficiently appears that the record title to at least an undivided half of the land was in defendant. Clearly the case must depend on whether plaintiff had a good tax title.

There were several objections urged, both in the trial court and here, to the validity of plaintiff's tax title. The trial court held it void, because the notice of expiration of redemption does not state that the tax certificate was presented to the auditor by the holder thereof. If this conclusion was correct, we need not consider the other claims of defendant.

As stated by the trial court in its memorandum, and as repeatedly stated in our decisions, the giving of this notice is the last step in divesting the owner of his title, and it must be given in strict compliance with the statute to be effective. Laws 1902, p. 26, c. 2, § 47, provides that every person holding a tax certificate shall, after the expiration of the time for redemption of the lands therein described, present such certificate to the county auditor, who thereupon shall prepare the notice, etc. It is further provided that "the notice herein provided for shall be sufficient, if substantially in the following form." Then follows the form, among the recitals of which is: "And

that the said tax certificate has been presented to me by the holder thereof." This appears to be the first law which prescribes a form for a notice of expiration of redemption. It was passed by the legislature after the decision of this court in Hinkel v. Krueger, 47 Minn. 497, 50 N. W. 689, in which it was held that under G. S. 1878, c. 11, § 121, a notice to redeem might be issued, though because of its destruction the purchaser be unable to present the certificate to the auditor.

The law then in force did not prescribe a form of notice, or provide that the notice should state the fact that the certificate had been presented to the auditor, and the court held that if the auditor is called on by the proper party to issue the notice, and the facts exist entitling the party to it, it is enough, though any particular evidence of the party's right may have been lost. But in the same case Chief Justice Gilfillan, though clearly indicating his opinion that the provision of the statute requiring the presentation of the certificate was an unnecessary one, said: "Some things are essential, as that the notice shall be in substance such as the statute prescribes."

Slocum v. McLaren, 106 Minn. 386, 119 N. W. 406, holds that under G. S. 1894, § 1654, the failure to present the certificate to the county auditor did not avoid the notice. But that statute contained no provision as to the form of the notice, nor any requirement that the fact of presentation be stated in the notice. The statement that Lawton v. Barker, 105 Minn. 102, 117 N. W. 249, decided this point was an error, for it is clear that it did not. It had, however, been practically decided in Hinkel v. Krueger.

In the Lawton case one of four objections to the notice was its failure to state that the certificate had been presented to the auditor. The court held that at least two of the objections were well taken, and in no way passed upon the point here under consideration. The court did, however, announce the rule in this state that when the legislature prescribes forms of process in legal procedure, or even in tax proceedings, it is sufficient if the form prescribed is substantially followed, which, as mentioned by the present Chief Justice in his opinion, is in fact all that the statute under consideration requires. It was held in the Lawton case that the legislature intended, by ap-

pending the form, to require that all material information which the facts therein stated would communicate should be incorporated in any notice given to foreclose the right of redemption.

It may be suggested that information that the certificate has been presented to the auditor is not material information, but evidently the legislature thought it was. We cannot say that it may not be of some importance to the landowner to know that the certificate is in possession of the holder, and that he has produced the evidence of his right to have a notice issued. In any event, it is not so clear that the statement is of no importance as to justify our holding that the requirement of the legislature is not material. A notice is not substantially in the form prescribed when it omits a specific statement of a fact contained in the form, even though it is not per se important. Gilfillan v. Hobart, 35 Minn. 185, 28 N. W. 222. As said by Mr. Justice Berry in the case cited: "The legislature has enacted that a form containing such date must be substantially adhered to, and that is the end of the matter."

The prescribed form was made a part of the statute, and the element thereof in question was a statement of a step in the proceedings required by the body of the act. We do not decide that there may not be still a sufficient excuse for failure to present the certificate to the auditor, as where it has been destroyed or lost. But we do hold that, where it does not appear that there was no presentation because of such an excuse, the notice must state the fact that the certificate was presented. Under this rule, the notice in the case at bar was fatally defective for its failure to substantially follow the form prescribed by the statute.

Order affirmed.