STATE, BY J. A. A. BURNQUIST, ATTORNEY GENERAL, v. SHERMAN W. CHILD AND OTHERS. ELMER H. LARSON, CLAIMANT-RESPONDENT.[1]

October 26, 1951.

No. 35,578.

---

[1]Reported in 49 N. W. (2d) 638.

*Lewis W. Child,* for appellants.

*Michael J. Dillon,* County Attorney, and *Frank J. Williams* and *John K. Harvey,* Assistant County Attorneys, for claimant-respondent.

FRANK T. GALLAGHER, JUSTICE.

This is an appeal from the disposition of an award given for the taking of land in an eminent domain proceeding. The district court ordered that the fund be paid to Elmer H. Larson, land commissioner of Hennepin county, as the proper official to receive the proceeds from the sale of land forfeited to the state for nonpayment of taxes. Appellants, as executors of the estate of Sampson Reed Child, claim the fund on the theory that at the time of the condemnation proceedings title to the land remained in Sampson Reed Child because of jurisdictional defects in the forfeiture procedure. In addition to maintaining that the land had been forfeited to the state, the land commissioner contests the right of appellants to appear and claim the fund on the ground that they failed to deposit the taxes with the clerk of the district court as required by M. S. A. 284.10.

In 1942, Sampson Reed Child was the record owner of the lot in question. The taxes for 1940 became delinquent, and the lot was bid in and sold to the state at a sale held on May 11, 1942. In June 1947, the county auditor proceeded under M. S. A. c. 281 to issue and serve notice of expiration of redemption. Appellants claim that errors occurred during the course of this procedure which invalidate the forfeiture proceedings.

The county auditor posted in his office a notice of expiration of redemption dated June 22, 1947, as required by § 281.23, subds. 1, 2. He made proof of such posting by certificate filed in his office, which recited that he posted the notice "as provided by Chapter 287, Laws

1935." Actually, the provision appears in c. 278. In proper form, the auditor caused to be published the notice of expiration of redemption as provided by § 281.23, subd. 3, and he filed proof of such publication in his office. Proceeding to act under § 281.23, subd. 5, the auditor delivered to the sheriff for service a copy of the published notice, together with a purported "copy of the posted notice." This was not a verbatim copy of the original posted notice. The original bore date June 22, 1947, while the copy was dated July 1, 1947. Furthermore, although the copy contained all the information included in the original, the presentation of information in the copy varied somewhat from the presentation in the original. The sheriff found the property vacant and made his return upon a copy of the published notice and upon the copy of the posted notice. The auditor, pursuant to § 281.23, subd. 8, on October 28, 1947, executed his certificate stating that the time for redemption had expired and that absolute title had vested in the state of Minnesota.

Subsequently, condemnation proceedings were begun, and on June 26, 1950, the commissioners appointed by the district court of Hennepin county filed their final report, wherein an award of $300 was made for the taking of the lot. This amount was deposited with the clerk of the district court on August 17, 1950. On October 6, 1950, the land commissioner served his motion and petition on the other persons interested in the award, asking the court to pay the award over to him. On October 30, 1950, the return day, appellants made their first appearance in the proceeding by filing an answer to the petition and claiming the award. A hearing on the motion was held on the same day, and the land commissioner made the objection that appellants had no right to appear and contest the validity of the tax title in the state because they had not paid the taxes as required by § 284.10. With the permission of the court, appellants then deposited the required amount with the clerk of the district court. The court overruled the objection of the land commissioner, and the hearing proceeded, resulting in the order appealed from.

The principal controversy in the case is over the effect to be given the errors which crept into the procedure for giving notice of ex-

piration of redemption. As a preliminary point, the land commissioner contends that appellants have failed to comply with § 284.10, which provides:

"In any action respecting lands claimed to have been forfeited to the state for taxes, no cause of action or defense asserted by any party adversely to the state, * * * shall be entertained unless the party asserting the same shall, at the time of filing his complaint or answer, as the case may be, deposit with the clerk of the court * * * a sum equal to the amount of the taxes and special assessments, * * *."

Appellants argue that this section contemplates an action in which a complaint and answer are filed and thus has no application in this case. In view of our opinion on the principal matter in controversy, we deem it unnecessary to decide whether this section is applicable to proceedings where, as here, a party makes his first appearance in the case in answer to a motion.

Appellants contend that the mistakes in the procedure of giving notice of expiration of redemption render the forfeiture proceedings ineffective to divest the title of Sampson Reed Child. Cited in support of their contention are many cases decided prior to 1939, in which this court stated the rule that only strict compliance with the statutes by the officials concerned would work a tax forfeiture; e. g., Warroad Co-op. Creamery Co. v. Hoyez, 182 Minn. 73, 233 N. W. 824; De Laurier v. Stilson, 121 Minn. 339, 141 N. W. 293. The rule of strict compliance stemmed from the natural reluctance of the court to hold that a man's property had been irrevocably forfeited for nonpayment of taxes. See, Warroad Co-op. Creamery Co. v. Hoyez, 182 Minn. 76, 233 N. W. 825. However, the application of this rule cast serious doubts on the validity of titles to land obtained through tax-forfeiture proceedings, and in 1939 the legislature enacted L. 1939, c. 341, § 16 (M. S. A. 284.22), the purpose of which was to fortify the title and enhance the value of these lands. Section 284.22 provides:

"The title of the state to land forfeited for delinquent taxes shall not be held invalid in any action or. proceeding by reason of any failure, omission, error, or defect in the proceedings respecting the taxation of such land or the forfeiture thereof unless the court shall determine that such failure, omission, error, or defect was fatal to the jurisdiction of the authorities in the proceedings, or that the rights of the owner or other party in interest were substantially prejudiced. All provisions of law in that behalf shall be construed liberally in favor of the state and its officers and agents. The burden of proving that the title of the state, or its successor in interest, is invalid in any such case shall rest upon the party so asserting."

It will be seen that under the statute the title of the state may be held invalid only if the court shall determine that the errors or defects in the procedure were "fatal to the jurisdiction of the authorities in the proceedings," or if "the rights of the owner or other party in interest were substantially prejudiced." The act further provides that all provisions of law in that behalf shall be construed liberally in favor of the state and its officers and agents.

The errors made by the county auditor in this case were not likely to cause the owners substantial prejudice, and appellants make no attempt to show that such prejudice occurred. Rather, appellants contend that the errors were fatal to the jurisdiction of the authorities in the proceedings. They assume that the failure to comply strictly with the statutory requirements is always a jurisdictional defect. This position is untenable in view of the legislative pronouncement in § 284.22.

In McHardy v. State, 215 Minn. 132, 9 N. W. (2d) 427, the defect in the forfeiture proceeding was a failure to make proper service on all the occupants of the land, as required by statute. Since this defect was considered fatal to jurisdiction and the findings were sufficient to establish that the rights of the interested parties had been prejudiced, the tax title was held invalid. The failure to make proper service in the McHardy case involved a substantial departure from the statutory requirements. Here, the county auditor and

sheriff substantially complied with all statutory provisions. We conclude that title to the lot had been forfeited to the state.

Affirmed.