## LESTER B. JOHANTGEN v. LOUIS A. BANK AND OTHERS.

102 N. W. (2d) 822.

May 6, 1960—No. 37,858.

*Gerald T. Carroll, Silver, Goff, Ryan, Wallace & Newcome,* and *Allen H. Aaron,* for appellant.

*Bowen, Bowen, Preus & Farrell,* for respondent.

KNUTSON, JUSTICE.

This is an appeal from an order denying defendant Louis A. Bank's motion for a new trial.

The action was brought by plaintiff as the owner of certain premises in Hennepin County to remove adverse claims of defendants as holders of an alleged state assignment certificate issued by the county auditor of Hennepin County pursuant to a sale of the premises for delinquent taxes. The facts essential to a determination of the issue involved may be briefly stated. Plaintiff alleges that he is the owner of the real estate involved upon which a state assignment certificate has been issued to defendants, which certificate plaintiff claims is void. For many years prior to the times here involved, plaintiff has been the owner in fee of the tract of land involved. Either through his own fault, or through the fault of the county treasurer of Hennepin County, the taxes on the property for the second half of 1950 were not paid in 1951. On March 17,

1952, a real estate tax judgment was entered against the property, and a sale of the property was held on May 12, 1952, pursuant thereto. There being no qualified bidder, the land was bid in for the state. On January 18, 1957, a state assignment certificate was issued to defendant Louis A. Bank upon payment of the sum of $297.74, the amount of delinquent taxes, penalties, costs, and interest. The land has an estimated value of $30,000. A notice of expiration of time of redemption, dated March 15, 1957, was served upon plaintiff on March 18, 1957, and the sheriff's return of service filed in the office of the county auditor on March 19, 1957. No redemption of the property was made during the 60 days following March 19, 1957.

Plaintiff asserts several grounds for the invalidity of defendants' tax title, and the trial court found for plaintiff on all grounds. We need consider only the finding that the state assignment certificate was void for failure to name all purchasers.

Defendant Bank testified that, although the certificate was issued in his name alone, defendant Charles Hillman was also a purchaser, contributing one-half of the funds necessary to purchase the assignment certificate. Defendant Hillman did not appear at the trial. The trial court held that the certificate was void for failure to name the true purchasers and for other reasons.

Proceedings for the enforcement of delinquent real estate taxes under which title may be divested are to be strictly construed in favor of the landowner.[1]

M. S. A. 280.11 provides the form of certificate to be used upon an assignment where lands are bid in for the state. In the form so provided, provision is made for the name of the purchaser.

Section 280.05 provides:

"No county auditor, county treasurer, clerk of the district court, or deputy or clerk of such officer, may become a purchaser at such sale, or procure an assignment of the right acquired by the state in lands

---

[1]Warroad Co-op. Creamery Co. v. Hoyez, 182 Minn. 73, 233 N. W. 824; Bratrud v. Security State Bank, 203 Minn. 463, 281 N. W. 809; 18 Dunnell, Dig. (3 ed.) § 9180.

bid in for it at such sale, as in this chapter provided in sections 280.06 to 280.12, either in his own behalf, or as agent or attorney for any other person, except that such officer, deputy, or clerk may purchase lands owned by him, or on which he has a lien, or procure such assignment of the state's right in such lands."

Section 280.33 provides in part as follows:

"* * * No sale shall be set aside or held invalid by reason of * * *; nor unless the party objecting to the same prove either that the taxes were paid before the judgment was rendered, or that such parcel was exempt from taxation, or that the court rendering the judgment pursuant to which the sale was made had not jurisdiction to render the same, or that after the judgment and before the sale such judgment had been satisfied, or that notice of sale as required by this chapter was not given, or that such parcel was not offered at such sale to the bidder who would pay the amount for which the parcel was to be sold at the lowest rate of interest, as provided in this chapter; * * *."

It is to be noted that this statutory provision does not specifically permit invalidation of an assignment certificate purchased by one prohibited under § 280.05 from becoming a purchaser. It is clear, however, that public policy proscribes the purchase of lands at tax judgment sales or the issuance of state assignment certificates to the officials mentioned in § 280.05, who are directly or indirectly connected with the administration of tax enforcement proceedings. If such sale or assignment is made to one of the officials whom the statute prohibits from becoming a purchaser, the only way in which this public policy can be enforced is by declaring the certificate void. That is true whether the certificate is taken in the name of the designated official or in the name of some other person in his or her behalf.[2] Otherwise the purpose of the statute could easily be thwarted by the simple expedient of issuing an assignment certificate in the name of another person and then acquiring title later. The only way this statute can be enforced is by requiring the name of the purchaser to be shown on the certificate itself.

---

[2] See, 85 C. J. S., Taxation, § 809j.

Although it does not appear affirmatively from the evidence in this case that any official prohibited by the statute from purchasing an assignment certificate did have an interest in it, the enforcement of the statutory prohibition would become virtually impossible if the party attacking the certificate would be required to show that such officer was in fact one of the named purchasers. The trial court was of the opinion that persons other than Hillman were interested in the certificate[3] and that the mere fact that an undisclosed person was interested in the certificate should be sufficient to invalidate it. We are

---

[3]Part of the court's findings reads:

"* * * In addition to Hillman, there are other persons having an interest in the certificate. They are unknown to plaintiff. Defendant denies there are such other persons, but defendant's testimony, particularly with respect to what transpired in the auditor's office is incredible.

"Defendant owns no land whatsoever, and has never paid any real estate taxes and has never purchased a tax certificate before. Defendant's story is that he is not related to, nor does he know anybody in the Treasurer's or Auditor's office. Defendant claims he overheard a conversation regarding tax certificates and tax delinquencies; that he went to the auditor's office in March, 1957 and inquired of someone there how many years should expire before property became delinquent; that he received an answer to his inquiry and went to the book for the year showing the plaintiff's judgment, picked out the description, went to the plat and then to view the premises. To repeated questions as to who in the Auditor's office tipped him off to the sale or showed him the particular page, defendant would not answer directly.

"Defendant's memory repeatedly failed him, he impeached himself repeatedly as to his dealings with Hillman and other matters, and although defendant claimed to have received offers for assignment of his claim, he testified that he did not know who made those offers. Defendant's demeanor and attitude as a witness on the stand, his equivocal, evasive and uncertain testimony, and his failure to answer simple questions directly do not permit or justify the giving of any credence to his testimony. Defendant's self-impeachment and self-contradiction, together with his great interest in the outcome of this action, lend no credence to his story. Defendant admits Hillman is a true purchaser. Hillman's name does not appear on the tax certificate. In view of defendant's testimony, this Court cannot believe that there are not others with a purchaser's interest in the certificate, and that they may be those prohibited by law from participating."

inclined to agree. We therefore hold that any assignment certificate which does not name all purchasers interested therein is null and void, whether such purchasers are officials prohibited by § 280.05 or not. It has been suggested that the named purchaser who is not disqualified should be permitted to take the title. Such a rule would do nothing to discourage that which the statute intends to prohibit but might actually encourage conspiracy with disqualified officers, since a subsequent disclosure that they were interested in the purchase would only result in the acquisition of title by a conspirator. We believe that the only way to discourage the purchase of such certificates by undisclosed individuals, and particularly those disqualified by the statute from becoming purchasers, is to hold such certificates void. Accordingly there must be an affirmance.

Affirmed.

MR. JUSTICE MURPHY took no part in the consideration or decision of this case.

MR. JUSTICE LOEVINGER, not having been a member of the court at the time of the argument and submission, took no part in the consideration or decision of this case.