**Rutherford HARRIS et al, Respondents,**

**v.**

**STATE of Minnesota, Appellant,**

**City of Virginia, Respondent,**

**Independent School District No. 706, Virginia, Minnesota, Respondent,**

**Oglebay Norton Company, Respondent,**

**Duluth Missabe and Iron Range Railway Company et al, Defendants.**

**No. 49308.**

Supreme Court of Minnesota.

Jan. 18, 1980.

Alan L. Mitchell, County Atty., and Leo M. McDonnell, Asst. County Atty., Duluth, Warren Spannaus, Atty. Gen., C. Paul Faraci, Deputy Atty. Gen., Philip J. Olfelt, Asst. Atty. Gen., and Donald J. Paquette, Sp. Asst. Atty. Gen., St. Paul, for appellant.

Fryberger, Buchanan, Smith, Sanford & Frederick, Harold A. Frederick and Edward J. Wegerson, Duluth, for Harris, et al.

Jerry H. Ketola, City Atty., Virginia, for City of Virginia.

Vernon D. Saxhaug, Virginia, for Ind. Sch. Dist. No. 706.

Gilbert W. Harries and John D. Kelly, Duluth, for Oglebay Norton Co.

OTIS, Justice.

The state appeals from an order granting a new trial in an action to determine adverse claims and quiet title to property in St. Louis County which contains substantial deposits of taconite.

In 1963 the state and its lessee commenced a Torrens proceeding to register title based on a forfeiture for nonpayment of 1932 taxes. The proceeding was dismissed after the plaintiffs, asserting fee title rooted in a chain running back into the 1800's, notified the state that they intended to challenge the forfeiture.

Plaintiffs instituted this action in May 1964. Trial was to begin in January 1967, at which time the matter was recessed to permit the parties to identify and mark documents and to negotiate a stipulation. The matter was finally tried to conclusion eleven years later in May 1978. The district court, sitting without a jury, found the state to be the fee simple owner of the property, holding it in trust for the taxing

districts.[1] Judgment was thereafter entered.

Following post-trial motions the court, without a memorandum, vacated the judgment and ordered a new trial. We granted discretionary review and reverse.

In the late 1800's S. R. Ainslie, president of the Ainslie Land & Mining Co., acquired two adjoining tracts of land in St. Louis County. In 1893 the property was conveyed to the company and, three years later, back to Ainslie. Ainslie died in 1903 and his estate was probated in Illinois. His wife Virginia, his sole devisee, subsequently died and her estate was probated in Illinois in 1937. Neither estate has been probated in Minnesota. S. R. Ainslie was the record owner of the property in 1932, and, for purposes of this litigation, plaintiffs are his legal heirs.

While the evidence does not disclose who paid the taxes or the name in which they were paid, they were lawfully paid for the years preceding 1932. However, taxes for 1932 and subsequent years have not been paid prior to the commencement of this litigation except those paid by the state's lessee for the years when the property was held under a mineral lease.

In February 1934 a delinquent tax list containing a description of the property was published on successive weeks in the *Hibbing Tribune* and the *Virginia Daily Enterprise*. The following month a real estate tax judgment was entered against the property. On May 14, 1934, the land was purchased by the state at a county tax sale. The property has never been assigned.

On November 21, 1941, the St. Louis County Sheriff, after inspecting the property, filed a return reporting that no one was in actual possession. Notice of expiration of the period of redemption was published in the *Duluth News Tribune* on November 29 and December 6 and 11, 1941, in the manner provided by 1927 Mason's Minn. Stat. § 2163 (hereafter § 2163).[2] Notice was not posted in the county auditor's office as required by 1935 Minn. Laws ch. 278, §§ 7, 8.[3] (1935 Minn. Laws ch. 278 will hereafter be referred to as chapter 278.) Following expiration of the period of redemption, certificates of forfeiture were filed in the offices of the county auditor and the register of deeds. The property had been assessed in the name of the "Aursler Land & Mining Co.", and, throughout the documents and publications relevant to this appeal, it was described as such.

Interests of an easement holder and of a lessee under a 1952 state-issued mineral lease have been protected by stipulation between the parties and are not relevant to this appeal.

Plaintiffs' principal argument is that notice of expiration of the period of redemption was ineffective under these facts. They assert that where land was bid in by the state at a 1934 tax sale, was not thereafter assigned, and no one was in actual possession of the land, notice should have been posted in the county auditor's office pursuant to chapter 278, §§ 7, 8.

The state, on the other hand, argues that an exception contained in chapter 278, § 5[4] provides for notice by publication pursuant to § 2163 and 1933 Minn. Laws ch. 366.[5]

1. We need not reach the merits of plaintiffs' claim because it is barred by the statute of limitations.[6] The statute in force

---

1. The beneficiaries are Independent School District No. 706, St. Louis County, the City of Virginia, and the state's general fund. *See, e. g.,* Minn.Stat. § 93.335 (1978).

2. As amended, this statute is codified as Minn. Stat. § 281.13 (1978).

3. Presently Minn.Stat. §§ 281.22, .23 (1978).

4. Presently Minn.Stat. § 281.20 (1978).

5. Presently Minn.Stat. § 281.15 (1978). For a discussion of the relationship between § 2163

and 1933 Minn. Laws ch. 366, see Op.Atty.Gen. 425b–4 (May 20, 1938).

6. We note that the governing statute would place on plaintiffs the burden of proving the invalidity of the state's tax title, and directs that all provisions of the law be construed liberally in favor of the state, its officers, and its agents. Minn.Stat. § 284.22 (1961) (present version at Minn.Stat. § 284.28, subd. 1 (1978)). *See also State v. Child,* 235 Minn. 99, 49 N.W.2d 638 (1951).

when this action was filed, Minn.Stat. § 284.09 (1961), provides in relevant part:

Except as otherwise herein provided, no cause of action or defense shall be asserted or maintained upon any claim adverse to the state, or its successor in interest, respecting any lands claimed to have been forfeited to the state for taxes, unless such cause of action or defense is asserted in an action commenced within one year after the filing of the county auditor's certificate of forfeiture, as provided by section 281.23, subdivision 8, and acts supplemental thereto, or by any other law hereafter enacted providing for the filing and recording of such a certificate * * *. The limitations hereof shall apply to all cases where land is claimed to have been forfeited to the state for taxes, except as follows:

(1) Cases where the alleged forfeiture is invalid because of jurisdictional defects in the proceedings * * *.[7]

The statute governs plaintiffs' claim unless the claim is premised on "jurisdictional defects in the proceedings." We have previously discussed the meaning of "jurisdiction" as it is used in § 284.09. In *State v. Minnesota Power & Light Co.*, 246 Minn. 235, 252, 75 N.W.2d 386, 397 (1956), we stated that the statute "refer[s] to jurisdiction in the judicial sense only," adding that "when judgment has been entered after valid procedure up to that point, the question of jurisdiction is no longer involved in the proceedings[.] * * * [D]efects after judgment are ministerial irregularities, which may result in prejudice to the owner, but are not defects that go to jurisdiction as is used in § 284.09." *Id.* at 251, 75 N.W.2d at 396–97. *Cf. State v. Whiteside*, 236 Minn. 142, 146, 52 N.W.2d 127, 129 (1952), where we referred to steps "vital to the acquisition of a valid judgment * * *."

■ The defects alleged by plaintiffs are not jurisdictional under this rule. Plain-

tiffs have not attacked the validity of the procedural steps resulting in the tax judgment. They instead assert irregularities in the notice of expiration of the period of redemption which were events occurring well after March 24, 1934, the date judgment was entered. Plaintiffs' claim, therefore, is governed by the temporal limitation contained in § 284.09.

2. The county auditor filed a certificate of forfeiture in 1943 and this action was not commenced until 1964. Nevertheless, plaintiffs assert that the statute has not yet begun to run because there were defects in the proceedings leading to the certificate of forfeiture and therefore a valid certificate was never issued. The limitation period commences only "after the filing of the county auditor's certificate of forfeiture as provided by section 281.23, subdivision 8 * * *," plaintiffs point out.

To construe the statute in this manner would require the defendant to now litigate a series of remote events, which is precisely the kind of belated inquiry the statute was designed to preclude.

■ We hold that under § 284.09 the statute began to run with the filing of a certificate of forfeiture in the form prescribed by statute.[8] This requirement is satisfied when the county auditor files a certificate "describing the lands, specifying the tax judgment sale at which the same were bid in for the state, and stating that the time for redemption thereof has expired after notice given as provided by law, and that absolute title thereto has vested in the State of Minnesota." Minn.Stat. § 281.23, subd. 8 (1978).

The certificate in this case contained the required information. Consequently, the statute of limitations had run its course on August 6, 1944, one year after the certificate was filed.

7. The other exceptions contained in Minn.Stat. § 284.09 (1961) are not relevant to this appeal.

8. *Cf. Vanderlinde v. Canfield*, 40 Minn. 541, 542–43, 42 N.W. 538, 539 (1889), an analogous case, in which we held that where state assign-

ment certificates were made prima facie evidence of the propriety of a tax sale, the statute became effective upon the production of a certificate in statutory form.

Based on the undisputed facts and documentary evidence, we hold as a matter of law that the applicable statute of limitations, Minn.Stat. § 284.09 (1961), has run and that plaintiffs' claims are therefore barred. The order granting a new trial is reversed and defendant's judgment is reinstated.

TODD, J., took no part in the consideration or decision of this case.