SUSQUEHANNA COUNTY TAX
CLAIM BUREAU,
Appellant,

v.

Charles J. ALIANO, Esquire, Individually and Charles J. Aliano, Esquire, Susquehanna County District Attorney, Donna Fekette, Thomas J. Lopatofsky, Jr., Lawrence T. O'Reilly,

Susquehanna County Tax Claim Bureau Sale of Map No. 089.00–2,047.00.000, New Milford Township, Susquehanna County, Pennsylvania.

Susquehanna County Tax
Claim Bureau,

v.

Charles J. Aliano, Esquire, Individually and Charles J. Aliano, Esquire, Susquehanna County District Attorney, Donna Fekette, Lawrence T. O'Reilly and Thomas J. Lopatofsky, Jr.

Appeal of Helen Bradley Towner
and Wayne Bradley.

Commonwealth Court of Pennsylvania.

Submitted April 10, 2002.
Decided June 19, 2002.

Michael J. Giangrieco, Montrose, for appellee, Susquehanna County.

Paul A. Kelly, Montrose, for appellees, Fekette and O'Reilly.

Before COLINS, President Judge, and McGINLEY, PELLEGRINI, FRIEDMAN, LEADBETTER, COHN, and SIMPSON, Judges.

OPINION BY Judge McGINLEY.

The Susquehanna County Tax Claim Bureau (Bureau) appeals, while Helen Bradley Towner together with Wayne Bradley (collectively, Ms. Towner) cross appeal, the orders of the Court of Common Pleas of Susquehanna County (trial court) that denied consolidated petitions of the Bureau and Ms. Towner to set aside a real estate tax sale.[1]

The H.L. Bradley Estate, c/o Eleanor V. Bradley (Ms. Bradley) owned approximately 203 acres of land with a dwelling house in New Milford Township, Susquehanna County. Until 1998 Ms. Bradley paid all real estate taxes assessed against the property. Based on unpaid real estate taxes for 1998 and 1999, the property was sold at a tax sale on September 25, 2000.

The Bureau provided Ms. Bradley with notice of the tax sale by sheriff's service, certified mail, posting the property, and advertising the sale in three newspapers of general circulation. Susquehanna County District Attorney Charles J. Aliano (D.A. Aliano), on behalf of himself and three business partners,[2] placed a bid for $166,000.00, which was accepted by the Bureau.

On October 24, 2000, the Bureau petitioned to set aside the real estate tax sale and alleged:

Howard M. Spizer, Scranton, for appellants.

1. This controversy was reassigned to the opinion writer on April 10, 2002.

2. D.A. Aliano's partners were Thomas J. Lopatofsky (Mr. Lopatofsky), member of the

Susquehanna County Planning Commission; Lawrence T. O'Reilly (Mr. O'Reilly); and Donna Fekette (Ms. Fekette).

7. Pursuant to 16 P.S. § 1806 [3] which states in pertinent part:

No elected official or appointed county officer shall be in any wise [sic], either directly or indirectly, personally interested in any contract to which the county is a party, or in the construction of any public work or improvement made or undertaken under the authority of the county commissioners, or receive any reward or gratuity form [sic] any person so interested. No such officer shall purchase directly or indirectly any property sold at a tax or municipal claim sale. Any person violating the provisions of this section shall be guilty of a misdemeanor, and, upon conviction, shall be sentenced to pay a fine not exceeding five hundred dollars ($500.00) and may, by decree of the court, be removed from office.

. . . .

10. The Petitioner [Bureau] therefore, as a result of the aforementioned, requests that the sale of the H.L. Bradley Estate to the Respondents [D.A. Aliano, Ms. Fekette, Mr. Lopatofsky, and Mr. O'Reilly] be set aside so as to maintain the integrity and the public trust and confidence in the Susquehanna County Tax Claim Sale so as not to facilitate the appearance of impropriety or collusion on said sale between or with other elected county officers.

Petition, October 24, 2000, Paragraphs 7 & 10, at 1–2.

In addition, Ms. Towner petitioned to set aside the tax sale and alleged that "[a]t no time was the notice of the tax sale ever sent to your Petitioners [Ms. Towner/Mr. Bradley] who owned a portion of the property in question." Petition to Set Aside Tax Claim Bureau Sale, October 24, 2000, Paragraph 9(b), at 5. The two petitions were consolidated and a hearing was held on December 20, 2000.

It was stipulated "that Mr. Aliano . . . and Mr. Lopatofsky . . . both have agreed to relinquish and may have already relinquished any interests that they have in this property." Notes of Testimony, December 20, 2000, (N.T.) at 4; Reproduced Record (R.R.) at 28a. Pursuant to the trial court's inquiry, counsel for the Bureau responded that "there is no law to support the position that the whole thing [referring to the sale] is voidable." N.T. at 11; R.R. at 35a.

In its order dated December 21, 2000, the trial court noted that Ms. Fekette and Mr. O'Reilly "are not barred from acquiring title to the realty by virtue of holding any public office" and that they "are ready . . . to comply with the requirements of their bid." Trial Court Order, December 21, 2000. The trial court denied the Bureau's petition to invalidate the real estate tax sale. The Bureau appealed to this Court.

■ With respect to Ms. Towner's petition, the trial court concluded:

1. Wayne Bradley, having established no ownership interest in the subject realty, has no standing to bring the instant petition.

2. Helen Bradley Towner is an owner of a one-half interest in the subject realty.

**3.** The Bureau quoted former Section 1806 of the County Code, Act of August 9, 1955, P.L. 323, 16 P.S. § 1806. This provision was amended by Section 8 of the Act of December 22, 2000, P.L. 1019, which became effective sixty days later. Presently, Section 1806 states: "Restrictions on the involvement of elected and appointed county officers in any county contract shall be prescribed in 65 Pa. C.S. Ch. 11 (relating to ethics standards and financial disclosure)."

3. Eleanor V. Bradley, at the time of the tax sale, was an owner of a one-half interest in the subject realty.

4. Both Helen Bradley Towner and Eleanor V. Bradley had actual notice of the tax sale of the subject realty.

5. The Tax Claim Bureau of Susquehanna County complied in all respects with the notice requirements set forth in 72 P.S. Sec. 5860.602.

Trial Court Decision, December 22, 2000, Conclusions of Law (C.L.) Nos. 1–5, at 3.

The trial court denied the petition of Ms. Towner, who appealed to this Court.[4]

### The Bureau's Appeal

■ The Bureau contends that the trial court erred by failing to set aside the tax sale where a county district attorney was the successful bidder. The Bureau maintains that Section 1806 of the County Code prohibits such a purchase and the disclaimer after the purchase did not "cure" the sale prohibited by the statute.

In *Hoffman v. James Paul Lumber Company*, 61 D. & C.2d 436 (1973), the Court of Common Pleas of Warren County determined that the county treasurer violated Section 1806 of the County Code by purchasing property directly or indirectly at a tax sale. This Court agrees with the rationale therein advanced:

> When we consider respondent's [treasurer] fiduciary position, the prohibition of the statute, respondent's knowledge of the delinquent taxes, and his knowledge and negotiations to have the premises conveyed to him after the sale compels us to conclude he has certainly indirectly, if not directly, dealt with the property for his own personal gain and

is not entitled to the benefits from his labors.

*Id.* at 442.

Case law from other jurisdictions is also instructive (although not precedential). In *Johantgen v. Bank,* 258 Minn. 88, 92, 102 N.W.2d 822, 824 (1960), the Minnesota Supreme Court held that a real estate tax assignment certificate which failed to disclose all purchasers was void, regardless of whether the purchasers were officials prohibited by statute. The Minnesota Supreme Court's analysis is relevant insofar as:

> It has been suggested that the named purchaser who is not disqualified should be permitted to take the title. Such a rule would do nothing to discourage that which the statute intends to prohibit but might actually encourage conspiracy with disqualified officers, since a subsequent disclosure that they were interested in the purchase would only result in the acquisition of title by a conspirator.

*Id.* at 92, 102 N.W.2d at 824.

Here, Ms. Fekette and Mr. O'Reilly were not statutorily precluded from purchasing the property; however, their involvement with D.A. Aliano inescapably tainted the purchase. Section 1806 of the County Code prevents officials from acquiring personal interest in violation of public trust. There is only one way to enforce the prohibition and to effectively administrate the public policy underlying the legislation presently and, in particularly, in the future. The sale must be declared void.

Our Pennsylvania Supreme Court has addressed the subject of public policy:

> It is only when a given policy is so obviously for or against the public

---

4. Our review is limited to a determination of whether the trial court abused its discretion, rendered a decision without supporting evidence, or committed legal error. *Sabbeth v. Tax Claim Bureau of Fulton County,* 714 A.2d 514 (Pa.Cmwlth.1998).

health, safety, morals or welfare that there is a virtual unanimity of opinion in regard to it, that a court may constitute itself the voice of the community in so declaring. There must be a positive, well-defined, universal public sentiment, deeply integrated in the customs and beliefs of the people and in their conviction of what is just and right and in the interests of the public weal.

*Mamlin v. Genoe,* 340 Pa. 320, 325, 17 A.2d 407, 409 (1941).

In the present controversy, public policy dictates that the tax sale be set aside to preserve public confidence in the integrity of such sales. In sum, the trial court erroneously denied the Bureau's petition to invalidate the tax sale.

### Ms. Towner's Appeal [5]

██ Ms. Towner asserts that the trial court erred in its determination that she had sufficient notice of the tax sale. According to Ms. Towner the Bureau failed to comply with the notice provisions of Section 602 of the Real Estate Tax Sale Law [6] (Law). Again, this Court agrees.

Section 602(e) of the Law provides:

In addition to such publications, similar notice of the sale shall also be given by the bureau as follows:

(1) At least thirty (30) days before the date of the sale, by United States certified mail, restricted delivery, return receipt requested, postage prepaid, *to each owner* as defined by this act. (Emphasis added).

72 P.S. § 5860.602(e)(1).

██ Case law interpreting Section 602 clearly holds that when there is more than one property owner involved separate notices of sale must be mailed to each owner. *In re Upset Tax Sale Held 11/10/97,* 784 A.2d 834 (Pa.Cmwlth.2001). Notice requirements are to be strictly construed. *Murphy v. Monroe County Tax Claim Bureau,* 784 A.2d 878 (Pa.Cmwlth. 2001).

██ Here, the trial court concluded that Ms. Towner owned a one-half interest in the property. *See* Trial Court Decision, C.L. No. 2, at 3. Catherine Benedict, Bureau Director, testified that she sent the pertinent notice of sale to the H.L. Bradley Estate c/o Ms. Bradley but not to Ms. Towner. N.T. at 32–33; R.R. at 56a–57a. Therefore, the Bureau did not provide the requisite notice of the tax sale in accordance with Section 602(e)(1) of the Law. The trial court erred when it denied Ms. Towner's petition to set aside the tax sale. [7]

---

**5.** Initially, Ms. Towner submits that the Bureau is estopped to deny the illegality of its sale. As set forth above, the Bureau filed its own petition to set aside the sale. Ms. Towner maintains that the tax claim solicitor allowed D.A. Aliano to withdraw his interest in the property. The Bureau then contested Ms. Towner's petition to set aside the sale.

The party asserting estoppel must show reasonable reliance on a misrepresentation. *Chester Extended Care Center v. Department of Public Welfare,* 526 Pa. 350, 586 A.2d 379 (1991). Here, Ms. Towner did not rely upon a violation of Section 1806 of the County Code to set aside the tax sale. Thus, she cannot claim she was prejudiced by the Bureau's withdrawal of its objection to the validity of the sale.

With respect to judicial estoppel, a party is prevented from advancing a position inconsistent with one's position in a previous proceeding that was successfully maintained. *Ligon v. Middletown Area School District,* 136 Pa. Cmwlth. 566, 584 A.2d 376 (1990). Here, the Bureau did not switch legal positions to suit its needs. This Court concludes that estoppel is inapplicable, and Ms. Towner's initial argument is meritless.

**6.** Act of July 7, 1947, P.L. 1368, *as amended,* 72 P.S. § 5860.602.

**7.** Lastly, we need not address the request for counsel fees by Ms. Fekette and Mr. O'Reilly based upon our disposition of the foregoing issues.

Accordingly, we reverse and remand to the trial court for the entry of an order granting the consolidated petitions to set aside the real estate tax sale in this matter and for further proceedings.

Judge FRIEDMAN concurs in the result only.

## ORDER

AND NOW, this 19th day of June, 2002, the orders of the Court of Common Pleas of Susquehanna County in the above-captioned matters are reversed and the matter is remanded for the entry of an appropriate order. Jurisdiction relinquished.